UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TED GILLESPIE<br>15930 Ireland Road<br>Morres Hill, IN 47032<br><br>       Plaintiff,<br><br>v.<br><br>WATERWHEEL FARM, INC.<br>7773 State Route 48<br>Union, OH 45322<br><br>       Also Serve Registered Agent:<br>       PAUL D. THIES<br>       7773 State Route 48<br>       Union, OH 45322<br><br>and<br><br>PAUL D. THIES<br>7773 State Route 48<br>Union, OH 45322<br><br>and<br><br>RONALD THIES<br>7773 State Route 48<br>Union, OH 45322<br><br>       Defendants. | CASE NO: _____<br><br>Judge: _____<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, Ted Gillespie (hereinafter "Plaintiff"), by and through counsel, for his Complaint against Defendants, Waterwheel Farms, Inc., Paul Thies, and Ronald Thies (hereinafter collectively "Defendants"), states as follows:

## I. PROCEDURAL HISTORY

1. This lawsuit arises as a result of a dog attack suffered by Plaintiff on June 2, 2014. The German Shepard dogs that attacked Plaintiff are owned by Defendants.

2. This lawsuit was originally filed in the Court of Common Pleas, Miami County, Ohio on June 1, 2016, Case Number 16-231, alleging claims for common law negligence and Ohio Rev. Code §955.28(B) statutory strict liability.

3. On February 17, 2016, Defendants filed a Motion for Summary Judgment as to the strict liability claim. On May 3, 2017, the trial court granted partial summary judgment in favor of Defendants relating to the strict liability claim.

4. On May 30, 2017, Defendants filed a Motion for Summary Judgment as to the common law negligence claim. On June 14, 2017, the trial court granted summary judgment in favor of Defendants as to the common law negligence claim.

5. On August 11, 2017, Plaintiff filed a Notice of Appeal in the Second District Court of Appeals.

6. On April 24, 2018, the Appellate Court reversed the trial court's decision as to the strict liability claims (the common law negligence claims were not appealed) and remanded the case back to the Court of Common Pleas in Miami County.

7. On January 14, 2019, Plaintiff dismissed his case without prejudice pursuant to Ohio Civ. R. 41(A)(1)(a).

## II. JURISDICTION

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and there is complete diversity of jurisdiction.

9. Venue with the Court is appropriate pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions complained of giving rise to the claims occurred within this judicial district.

### III. PARTIES

10. Plaintiff is a citizen of the United States who resides in the State of Indiana and has resided in the State of Indiana at all times relevant to this Complaint.

11. Defendant, Waterwheel Farm, Inc., is an Ohio corporation, with its principle place of business located at 7773 State Route 48, Miami County, Union, Ohio 45322.

12. Defendants, Paul Thies and Ronald Thies, are citizens of the United States who reside in the State of Ohio and have resided in the State of Ohio at all times relevant to this Complaint. Defendants, Paul Thies and Ronald Thies, are the owners and operators of Waterwheel Farm, Inc. and in control of the farming operation and property located at 7773 State Route 48, Miami County, Union, Ohio 45322.

13. Defendants, at all times relevant to this Complaint, were the owners of two dogs that were located at the business operation of Waterwheel Farm, located at 7773 State Route 48, Miami County, Union, Ohio 45322.

### IV. SUMMARY OF FACTS AND CLAIMS

14. Plaintiff hereby incorporates the first 13 paragraphs of the Complaint by reference as if fully rewritten herein.

15. On June 2, 2014, Plaintiff was an invitee of Defendants, delivering anhydrous ammonia, to be used by Defendants in the production of crops on their farm at Waterwheel Farm, located at 7773 State Route 48, Miami County, Union, Ohio 45322.

16. Defendant, Paul Thies, ordered the anhydrous ammonia to be delivered to

Waterwheel Farm. Defendants expected the delivery of the anhydrous ammonia and knew Plaintiff would be on the property to deliver it.

17. When Plaintiff arrived at Waterwheel Farm, which was his first time on the property, he spoke with two different workers on the farm while he waited until the tank where Plaintiff was to unload the anhydrous ammonia became available. No warnings were given about dogs on the property by those workers.

18. Plaintiff completed the delivery of the anhydrous ammonia after nightfall and proceeded to take the Bill of Lading to be signed to the on-site building, which he observed was lit internally from outside of the building, as he was unable to locate the two workers outside. The building contained the farm's business office.

19. Plaintiff entered an unlocked door to the main building, but no one was present. He then opened an interior door next to a window with light coming through it, in search of the business office to get the paperwork signed, and was viciously attacked by two large dogs, who lunged at him and savagely bit him on the face and arms and knocked him to the ground.

20. There were no warnings or any warnings were inadequate of the vicious dogs.

21. Defendants failed to control their dogs, allowing them to attack Plaintiff, causing serious injury and damages.

22. Defendants' actions are in direct violation of Ohio statutory law including, but not limited to, Ohio Rev. Code §955.28(B).

23. As a direct and proximate result of the vicious dog attack, Plaintiff suffered serious injuries, including injuries to his face, thumb, and back, some of which are permanent.

24. As a direct and proximate result of the vicious dog attack, Plaintiff incurred medical expenses and will continue to incur medical expenses into the future, all in amounts to

be proven at trial.

25. As a direct and proximate result of the vicious dog attack, Plaintiff has incurred economic loss, including lost income, in amounts to be proven at trial.

26. As a direct and proximate result of the vicious dog attack, Plaintiff has endured great suffering of the body and mind, and he will continue to suffer great pain of the body and mind in the future.

27. As a direct and proximate result of the vicious dog attack, Plaintiff has suffered a loss of his ability to participate in his usual activities, and such losses will continue into the future.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Compensatory damages in excess of $75,000;

2. Costs and fees incurred herein;

3. Prejudgment interest pursuant to Ohio Rev. Code §1343.03(a) if warranted; and

4. Any other relief in law or equity to which Plaintiff may be entitled.

Respectfully submitted,

BECKMAN WEIL SHEPARDSON LLC

/s/ Stephanie M. Day
Stephanie M. Day (OH #0073006)
Alison De Villiers (OH #0079612)
895 Central Avenue, Suite 300
Cincinnati, OH 45202
TEL: 513-621-2100
FAX: 513-621-0106
sday@beckman-weil.com
adevilliers@beckamn-weil.com

*Trial Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff, Ted Gillespie, demands a trial by jury for all issues herein.

/s/ Stephanie Day